IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FRANKIE L. MCCANN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CARMIE ADAMS ET AL., <br><br> Defendants. | CV-23-133-BLG-SPW <br><br> ORDER |

Plaintiff Frankie L. McCann, Jr., has filed a 42 U.S.C. § 1983 Complaint relating to his arrest in Billings, Montana. (Doc. 2). The Complaint fails to state a federal claim for relief and will be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

McCann is a pretrial detainee incarcerated at Yellowstone County Detention Facility ("YCDF"). He names as defendants three Billings Police officers, Officer Biglow, Officer McKnight, and Officer Beechie, and a private citizen, Carmie Adams. (Doc. 2 at 2, 6.)

### B. Allegations

McCann alleges that he was wrongfully arrested on July 26, 2023, on a Montana state law partner/family member assault charge. (Doc. 2 at 5.) He claims

1

that the alleged victim, Defendant Adams, falsely reported that he assaulted her, in violation of Mont. Code Ann. § 45-7-205. (Doc. 2 at 6, 7.) He alleges that the Officer Defendants discriminated against him in arresting him because he has two prior partner/family member assault charges. (Doc. 2 at 6, 11.)

McCann seeks compensatory relief and injunctive relief. (Doc. 2 at 12.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

McCann is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

A. Analysis

McCann's Complaint fails to state a claim for several reasons.

1. Carmie Adams

First, McCann cannot sue Carmie Adams under 42 U.S.C.§ 1983. There is no allegation that Adams, as a private citizen acting in her personal capacity, is a "state actor" to which § 1983 applies. As relevant here, 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State [...], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

3

party injured in an action at law, suit in equity, or other proper proceeding for redress[..]

Therefore, a claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). There is no allegation here, nor could there be a plausible one, that a person who is an alleged victim of a crime in a private home is a state actor. Nor is a violation of state criminal or tort law, alone, a federal or constitutional violation that provides grounds for suit under § 1983. McCann fails to state a claim against Adams.

2. Officer Defendants

McCann also fails to state a claim against the Officer Defendants, for different reasons. First, there is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at

4

40-41). Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue sua sponte).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* are present. First, McCann seeks dismissal of ongoing criminal proceedings against him. State proceedings are criminal enforcement actions that implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana,

5

through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

McCann will have an adequate opportunity in the state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. McCann has opportunities under Montana law to address any alleged violations of his federal rights relative to his prosecution. (The Court does not perceive such allegations as the Complaint is currently construed, but that does not foreclose his option to pursue any such issues in state court.)

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding McCann's ongoing state prosecution would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on McCann's Complaint in these

circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating McCann's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). McCann has not alleged an exceptional circumstance sufficient to avoid abstention.

The Court concludes abstention is proper. If abstention is appropriate under *Younger* and the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of the federal action. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007). McCann also seeks damages. However, for another reason, McCann's Complaint fails to state a claim and requires dismissal.

The Court has no authority to invalidate a state court judgment or sentence, due to various considerations of the balance between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Heck v. Humphrey*, 512

U.S. 477 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487.

### III. CONCLUSION

28 U.S.C. §§ 1915, 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez,* 203 F.3d. at 1127 (*quoting Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). Here, the Court concludes that amendment would not cure McCann's Complaint's deficiencies.

Based upon the foregoing, the Court issues the following:

## ORDER

1. McCann's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk is also directed to have the docket reflect that this dismissal counts as a strike against McCann within the meaning of 28 U.S.C. § 1915.

DATED this 24th day of January, 2024.

*Susan P. Watters*
Susan P. Watters
United States District Court Judge